**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**FILED - LN**

September 29, 2009 11:08 AM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____ / _____

**NANCY CASE,**

Plaintiff,

v

**GRADUATE MEDICAL EDUCATION, INC.**

Defendant.

_____/

**1:09-cv-897
Robert J. Jonker
United States District Judge**

LAW OFFICE OF JULIE A. GAFKAY, PLC
BY:   JULIE A. GAFKAY (P53680)
         KATHERINE S. GARDNER (P59050)
Attorneys for Plaintiff
160 S. Main Street, Suite 4
Frankenmuth, MI 48734
(989) 652-9240

_____/

> There is no other civil action between these parties arising out of the same
> transaction or occurrence as alleged in this Complaint pending in this
> Court, nor has any such action been previously filed and dismissed or
> transferred after having been assigned to a judge, nor do I know of any
> other civil action, not between these parties, arising out of the same
> transaction or occurrence as alleged in this Complaint that is either
> pending or was previously filed and dismissed, transferred, or otherwise
> disposed of after having been assigned to a Judge in this Court

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Nancy Case by and through her attorneys, the Law Office

of Julie A. Gafkay, PLC, and hereby files this action against Defendant, Graduate Medical

Education, Inc., as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, Nancy Case (hereinafter "Plaintiff"), is a resident of the County of

Ingham, State of Michigan and a former employee of Defendant.

1

2.     Defendant, Graduate Medical Education, Inc. (hereinafter "Defendant"), is a Michigan Corporation situated in the County of Ingham, State of Michigan.

3.     This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, Graduate Medical Education, Inc., pursuant to the Americans With Disabilities Act, 42 USC 12101 et seq.; and the Family And Medical Leave Act.

4.     This Court has jurisdiction pursuant to federal question jurisdiction.

5.     Plaintiff filed a charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission ("EEOC") within three (300) hundred days of the commission of the unlawful employment practice alleged in this Complaint.

6.     Plaintiff received notification of the right-to-sue letter from the EEOC on or about September 15, 2009, and has filed this Complaint within ninety (90) days of receiving the EEOC's notice of right-to-sue letter.

7.     Plaintiff is a person within the meaning of the Americans With Disabilities Act, 42 USC 12101 et seq.

8.     Defendant meets all the requirements for employer status under the Americans With Disabilities Act, 42 USC 12111(5)(A).

9.     The events giving rise to this cause of action occurred in Ingham County, which falls within the jurisdiction of the United States District Court for the Western District of Michigan.

## BACKGROUND FACTS

10.     Plaintiff began her employment with Defendant on or about December 26, 2001.

2

11.     From approximately September 3, 2006 through February 26, 2009, Plaintiff was employed as a Program Administrator for Defendant.

12.     Plaintiff was qualified for the said position.

13.     Plaintiff performed her job in a diligent and skillful manner.

14.     Plaintiff's husband, Gary Case, who she has been married to since December 12, 1975, suffers from serious health conditions including, but not limited to, severe epilepsy and a diagnosis of Lung Cancer and treatment through chemotherapy .

15.     From December 8, 2008, through February 28, 2009, Plaintiff requested and was granted leave by Defendant under the Family And Medical Leave Act ("FMLA") to care for her husband.

16.     Plaintiff returned from FMLA on or about February 9, 2009.

17.     When Plaintiff returned to work, she was not restored to the same position of Program Administrator that she held prior to her leave; instead, her office was taken away, she had no phone to use, no working computer or files for performing her job duties, and her job duties were removed.

18.     At all pertinent times Plaintiff's supervisors were Dr. Heather Laird-Fick and Carol Parker-Lee.

19.     On or about February 26, 2009, Plaintiff was discharged from her employment.

20.     When Plaintiff was discharged, she was told by Carol Parker-Lee that Defendant did not want Plaintiff to look back and regret not spending time with her husband and that Defendant would tell people that she left to take care of her husband which was "the noble thing to do."

3

21. A motivating factor for Plaintiff's discharge was her association with her husband who suffers from a disability.

22. A motivating factor for Plaintiff's discharge was that she took federally protected leave under the FMLA.

23. Defendant interfered with Plaintiff taking FMLA by failing to restore her to her position.

24. Plaintiff has suffered damages as a result of the above.

## COUNT I –VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 BY DEFENDANT FOR INTERFERENCE OF RIGHTS UNDER THE ACT BY FAILING TO RESTORE PLAINTIFF TO HER POSITION AFTER HER LEAVE

25. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. Defendant failed to restore Plaintiff to her position upon her return form FMLA.

27. Defendant interfered with Plaintiff's right to take leave under the FMLA by its actions.

28. Plaintiff is an eligible employee defined by the FMLA.

29. Defendant willfully violated Plaintiff's federally protected rights under the FMLA.

30. As a direct and proximate result of Defendant's actions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss benefits and loss of career opportunities.

4

## COUNT II –VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 AGAINST DEFENDANT FOR RETALIATION

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 30 above.

32. In discharging Plaintiff as a result of her taking medical leave for her husband's serious health condition, Defendant retaliated against Plaintiff for taking federally protected leave under the FMLA, 29 USC § 2601 et seq.

33. Defendants' violation of Plaintiff's federally protected rights was willful and wanton.

34. As a direct and proximate result of Defendant's actions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss benefits and loss of career opportunities.

## COUNT III –DISCRIMINATION ON THE BASIS OF ASSOCIATION WITH AN INDIVIDUAL WITH A DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC 12101 et seq.

35. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 34 above.

36. At all relevant times, Plaintiff's husband was an individual with a disability within the meaning of the Americans With Disabilities Act ("ADA"), 42 USC 12101 et seq.

37. Plaintiff is a qualified individual who has an association with her spouse who is disabled as that term is defined in the ADA.

38. Plaintiff was discriminated against, within the meaning of the ADA, when Defendant terminated Plaintiff's employment because of her association with an

5

individual with a disability.

39.    The actions of Defendant and its agents, representatives, and employees were intentional and disregard of the rights and sensibilities of Plaintiff.

40.    As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of fringe benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities and loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of life.

**WHEREFORE** Plaintiff, Nancy Case, respectfully requests this Honorable Court enter judgment in this cause awarding Plaintiff damages, including the following:

a. Compensatory damages;

b. Exemplary damages;

c. Monetary value of lost wages and benefits;

d. Past and future wage lost in whatever amount Plaintiff is found to be entitled;

e. An award of interest, costs and reasonable attorney fees; and,

f. Any additional monetary equitable relief this Court should deem warranted.

6

## **JURY DEMAND**

Plaintiff hereby demands a Jury Trial in the above-captioned case.

Respectfully submitted,

LAW OFFICE OF JULIE A. GAFKAY, PLC

Dated: 9-25-09

Julie A. Gafkay (P53680)
Katherine S. Gardner (P59050)
Attorneys for Plaintiff
160 S. Main Street, Ste 4
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

7