**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NANCY CASE**,

        Plaintiff,

v.

**GRADUATE MEDICAL EDUCATION, INC.**,

        Defendant.
_____/

Case No. 1:09-cv-897

HON. ROBERT J. JONKER

| | |
|---|---|
| Julie A. Gafkay (P-53680) | Michael E. Cavanaugh (P-11744) |
| Katherine S. Gardner (P-59050) | Mark R. Fox  (P-39902) |
| Law Office of Julie A. Gafkay, PLC | Fraser Trebilcock Davis & Dunlap, P.C. |
| 160 S. Main Street | 124 West Allegan Street |
| Suite 4 | Suite 1000 |
| Frankenmuth, MI 48734 | Lansing, Michigan 48933 |
| (989) 652-9240 | (517) 482-5800 – Telephone |
| jgafkay@gafkaylaw.com | (517) 482-0887 – Facsimile |
| Attorneys for Plaintiff | mcava@fraserlawfirm.com |
| | mfox@fraserlawfirm.com |
| | Attorneys for Defendant |

_____

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO STRIKE JURY DEMAND
AS TO ISSUE OF FRONT PAY
<u>IN BOTH THE FMLA AND ADA CLAIMS</u>**

**ORAL ARGUMENT REQUESTED**

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

1

**INTRODUCTION**

On September 29, 2009, Plaintiff Nancy Case ("Case") filed her complaint in this action against Defendant Graduate Medical Education, Inc. ("GMEI"), alleging claims for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  Plaintiff's complaint seeks, *inter alia*, damages and "any additional monetary *equitable relief* this Court should deem warranted." (Emphasis added.)  Plaintiff has demanded a jury on all of her claims.

Defendant GMEI moves this Honorable Court to strike the jury demand as to any and all forms of equitable relief, including front pay, sought by Plaintiff Case.  At the very least, the jury demand must be stricken as to the determination of whether Plaintiff is entitled to an award of front pay.

**LAW AND ARGUMENT**

I.  **PLAINTIFF IS NOT ENTITLED TO A JURY ON THE ISSUE OF FRONT PAY ON HER FMLA CLAIM.**

Under the FMLA, a prevailing plaintiff may recover "damages" for "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation."  29 U.S.C. § 2617(a)(1)(A)(I).  The FMLA also provides that a prevailing plaintiff may also be entitled to "such equitable relief as may be appropriate, including employment, reinstatement, and promotion."  29 U.S.C. § 2617(a)(1)(B).  The Sixth Circuit has held that front pay is an equitable remedy under the FMLA.  *Arban v. West Publishing Corp.*, 345 F.3d 390, 405-06 (6th Cir. 2003).  However, there is a split in the circuits as to whether a jury is available and, if so, to what degree as to the equitable issue of front pay.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

For instance, in *Frizzell v. Southwest Motor Freight*, 154 F.3d 641, 643 (6th Cir. 1998), the Sixth Circuit explained that "[t]he distinction between "damages" and "equitable relief" reflects Congress's intent to make juries available to plaintiffs pursuing remedies that fall under section 2617(1)(A) [damages], while leaving it to the judge to determine whether equitable relief is warranted under section 2617(1)(B)."  More recently, in *Arban,* 345 F.3d at 406, the Sixth Circuit held that, "[w]hile the determination of the precise 'amount of an award of front pay is a jury question,' the initial 'determination of the proprietary of an award of front pay is a matter for the court.'"  (quoting *Rouch v. KFC Nat'l Mgmt Co.*, 10 F.3d 392, 398 (6th Cir. 1993) (ADEA claim), *cert. denied*, 115 S.Ct. 56 (1994)).

As noted by the court in *Duke v. Uniroyal Inc.*, 928 F.2d 1413 (4th Cir. 1991), c*ert. denied*, 502 U.S. 963 (1991), "[t]he Third, Sixth and Ninth Circuits have expressly ruled that the quantification of front pay is a legal question which should be submitted to the jury" while "the First, Second, Eighth and Eleventh Circuits have expressly adopted the position that front pay is an equitable remedy, the amount of which should be left for the court to decide."  (Citations omitted).[1]

The Fourth, Seventh, Ninth and Tenth Circuits have also all held that the amount of front pay, if any, should not be submitted to the jury.  See, e.g., *Traxler v. Multomah County*, – F3d – (9th Cir. 2010) ("under the FMLA, front pay is an equitable remedy that must be determined by the court, both as to the availability of the remedy and the amount of any award."); *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294 (4th Cir. 1998) ("determinations of front pay are to be made by the district court sitting in equity.");

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

---

[1] While *Duke* was also an ADEA case, the reasoning and logic governing the entitlement to a jury as to "front pay" obtains under the FMLA and ADA.

3

*Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir. 1991); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416 (10th Cir. 1991) (calculation of front pay damages an equitable issue for the court).

Thus, at least eight circuits (First, Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh) and have held that it is for the district judge, not the jury, to decide whether a plaintiff is entitled to front pay and, if so, the amount. A number of district courts have also held that equitable issues such as front pay under the FMLA are for the court to decide. See, e.g., *Souders v. Fleming Companies, Inc.*, 960 F.Supp. 218 (D. Neb. 1997); *Helmly v. Stone Container Corp.*, 957 F.Supp. 1274 (S.D. Ga. 1997); *Gonzales v. Sandoval County*, 2 F.Supp. 1442 (D. N.M. 1998)

In *Traxler v. Multomah County*, – F.Supp.2d –, 2008 WL 270445 (D. Or. 2008), *aff'd*, – F3d – (9th Cir. 2010), an FMLA case, the court quoted with approval from *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635, 642-43 (8th Cir. 1997), which contains an instructive discussion concerning the split among the circuits on whether the court or the jury should determine the amount of front pay:

> "Our sister circuits have expressed differing opinions on the question of whether a jury can determine the amount of front pay. The Third, Fifth, Sixth, and Ninth Circuits have held that while the district court must initially determine whether a plaintiff is entitled to front pay in lieu of reinstatement, the jury determines the amount of front pay damages. [citations omitted]. **These courts have adopted this view without any analysis, merely reciting the one statement of dicta from *Maxfield* in which the Third Circuit, without citation to any authority, stated that "the amount of damages available as front pay is a jury question**." 766 F.2d at 796.
>
> "To the contrary, **the Second, Fourth, Seventh, and Tenth Circuits hold that both the determination of whether front pay is appropriate and the determination of how much front pay to award are questions for the district court's equitable discretion, and thus, the issue of the amount of front pay should not be submitted to the jury**.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

4

(citing cases). We agree with the rule and find that the Second Circuit's *Dominic* case (*Dominic v. Consol. Edison Co. of New York, Inc.,* 822 F.2d 1249, 1257 (2nd Cir.1987)) best enunciates the rationale.

"**In *Dominic*, the Second Circuit set forth a thorough and well-reasoned discussion, concluding that the amount of front pay must be determined by the court**. 822 F.2d at 1257-58. The court concluded that the language, structure, and history of 29 U.S.C. § 626 (ADEA) all indicate Congress's intention 'to limit jury trials to factual issues underlying claims for *legal* relief." *Id.* at 1257 (emphasis added). Additionally, the court reasoned as follows:

"'There is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award. For example, both questions turn in part on the ease with which the employee will be able to find other employment. To divide the fact finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions .... [for example,] a judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment. *Id.*'"

(Emphasis added.)

In *Bordeau v. Saginaw Control Engineering, Inc*., 477 F.Supp.2d 797 (E.D. Mich. 2007), an FMLA case, Judge Lawson "agree[d] with the thorough analysis offered by the *Newhouse* court," explaining that "[f]rom a policy, administrative, and common sense standpoint, "it is most sensible for the judge to decide the *entire* question of front pay." (Emphasis in original). However, he concluded "that the Sixth Circuit precedent requires that the Court submit the question of the *amount* of a front pay award to the jury, while reserving to itself the determination of whether front pay, or some other equitable remedy, ought to be awarded in the first place. (Emphasis added.)

As in *Bordeau*, this Court is also bound by the Sixth Circuit precedent requiring it to decide whether Plaintiff is entitled to front pay and, if so, requiring the jury to determine the amount of front pay. However, given that a majority of other circuits (First, Second,

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

5

Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh) have held that it is for the court, not a jury, to decide the entire issue of front pay, ultimately the Supreme Court will have to decide this issue.  Therefore, Defendant GMEI seeks to preserve this issue by expressly raising it in this Court and moving for an order striking the jury demand as to all aspects of the front pay issue.

## II. PLAINTIFF IS NOT ENTITLED TO A JURY ON THE ISSUE OF FRONT PAY ON HER ADA CLAIM.

For the same reasoning as set forth *supra* in FMLA claims, a number of circuits have also held that a plaintiff is not entitled to a jury on the issue of front pay on ADA claims.  For example, the First Circuit has held that "awards of front pay 'are generally entrusted to the district court's discretion." *Harding v. Cianbro Corp*, 473 F.Supp.2d 89, 95 (D. Maine 2007), *amended in part on reconsideration on other grounds*, 498 F.Supp.2d 337 (2007)[1] (quoting *Rodriguez-Torres v. Carribbean Forms Mfr., Inc*. 399 F.3d 52. 67 (1st Cir. 2005)).  Similarly in *Hall v. Claussen*, 6 Fed.Appx. 655, 680 2001 WL 219088 (10th Cir. 2001), the Tenth Circuit held the "district court erred in submitting the consideration of front pay to the jury" because in ADA cases "awards of front pay must be made by the court rather than by a jury."  See also, *Downes v. Volkswagen of America, Inc*., 41 F.3d 1132 (7th Cir. 1994); *Salitros v. Chrysler Corp*., 306 F.3d 562 (8th Cir. 2002).

There does not appear to a Sixth Circuit precedent expressly addressing the issue of an entitlement to a jury as to front pay under the ADA.  However, given the Sixth Circuit's decision in *Arban v. West Publishing Corp*. and *Frizzell v. Southwest Motor Freight* that in FMLA cases, that the court decides whether a plaintiff is entitled to front pay and, if so, the

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

6

jury decides the amount, it seems reasonable that this same approach would be applied by the Sixth Circuit to ADA cases. However, since there is no express decision by the Sixth Circuit as to ADA cases, and to preserve the issue, Defendant GMEI moves for an order striking the jury demand as to the issue of front pay as to the ADA claim, leaving to the Court both the determination of whether Plaintiff is entitled to front pay and, if so, the amount. At the very least, since it is for the Court to decide whether Plaintiff is even entitled to front pay under her ADA claim, an order to that effect should issue.

## **CONCLUSION AND RELIEF REQUESTED**

Since there is no dispute that front pay is a form of equitable relief, Defendant GMEI's position is that Plaintiff is not entitled to a jury as to the issue of front pay in either her FMLA or ADA claims. Defendant understands that, with respect to the FMLA claim, this Court may be constrained to allow the jury to determine the amount of front pay, while reserving for itself the determination of whether Plaintiff is even entitled to any front pay. However, as noted by other courts this reasoning is based on little analysis. If the relief sought is equitable, it is difficult to understand how part of that relief is decided by the court and part of it decided by the jury. Defendant GMEI respectfully submits that, as expressed by Judge Lawson in *Bordeau v. Saginaw Control Engineering, Inc.*, the reasoning and logic of the First, Second, Fourth, Seventh, Eighth, Tenth, and Eleventh Circuits is more sound and sensible.

---

[1] Indeed, on reconsideration, quoting from *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 380 (1st Cir. 2004), the district court explained that "awards of front pay are 'generally entrusted to the district judge's discretion and are available in a more limited set of circumstances than back pay.'"

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

7

Based upon the reasons, arguments, and authorities set forth herein, Defendant GMEI respectfully requests that this Honorable Court issue an order striking Plaintiff Case's jury demand as to the issue of front pay in both her FMLA and ADA claims, as well any other form of equitable relief that she seeks. At minimum, an order should issue holding that the issue of whether Plaintiff is entitled to front pay is solely within the province of this Court.

                                                                           Attorneys for Defendant GMEI
                                                                           FRASER TREBILCOCK DAVIS & DUNLAP, P.C.

March 25, 2010                      By:   /s/ Mark R. Fox
                                                    Michael E. Cavanaugh (P-11744)
                                                    Mark R. Fox  (P-39902)
                                                    124 West Allegan Street
                                                    Suite 1000
                                                    Lansing, Michigan 48933
                                                    (517) 482-5800 – telephone
                                                    (517) 482-0887 – facsimile
                                                    mcava@fraserlawfirm.com
                                                    mfox@fraserlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2010 a copy of the foregoing brief was electronically filed with the Clerk of Court via CM/ECF, which will send notification of such filing to counsel of record that have appeared in this cause.

                                                                        /s/ Kimberly Fox
                                                                        Kimberly Fox

FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
LAWYERS
LANSING, MICHIGAN 48933