UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NANCY CASE,**

CASE NO.: 1:09-cv-897
HON.: Robert J. Jonker

      Plaintiff,

v

**GRADUATE MEDICAL EDUCATION, INC.**

      Defendant.
_____/

GAFKAY & GARDNER, PLC
BY:   JULIE A. GAFKAY (P53680)
        KATHERINE S. GARDNER (P59050)
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240

FRASER TREBILCOCK DAVIS &DUNLAP, P.C.
BY:   MARK R. FOX (P39902)
        MICHAEL E. CAVANAUGH (P11744)
Attorneys for Defendant
124 West Allegan Street, Suite 1000
Lansing, Michigan 48933
(517) 482-5800

_____/

## PLAINTIFF'S RESPONSE TO DFENDANT'S MOTION TO STRIKE JURY DEMAND AS TO ISSUE OF FRONT PAY IN BOTH THE FMLA AND ADA CLAIMS

NOW COMES the Plaintiff, Nancy Case, by and through her attorneys, GAFKAY & GARDNER, PLC, and for the reasons stated more fully in Plaintiff's Brief in Response to Defendant's Motion to Strike Jury Demand as to Issue of Front Pay in Both the FMLA and ADA Claims requests that this Honorable Court DENY Defendant's Motion.

Respectfully submitted,

GAFKAY & GARDNER, PLC

Dated: 4-1-10

/s/Julie A. Gafkay
Julie A. Gafkay (P53680)
Katherine S. Gardner (P59050)
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p 1, 2

    LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . pp 2-5

    I.     The Defendant's request to strike Plaintiff's jury demand with regard to future wages under the FMLA is inconsistent with binding case precedent and should be summarily denied by this Court.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . pp 2-4

    II.    The Defendant's request to strike Plaintiff's jury demand with regard to future wages under the ADA is not supported by case law, nor does it represent a logical extension of existing case law; therefore, it should be summarily denied by this Court.

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p 4, 5

## INDEX OF AUTHORITIES

*Arban v. West Publishing*
345 F.3d 390 (6th Cir. 2003)............................................................. .......p 3

*Bell v. Prefix, Inc.*
2009 US Dist Lexis 10189 (E.D. MI 2009)........................................ ...... p 4

*Bourdeau v. Saginaw Control & Engineering*
477 F. Supp. 2d 797 (ED MI 2007)................................................ ..pp 3, 4

*Figgins v. Advance America Cash Advance*
482 F. Supp. 2d 861 (E.D. MI 2007)............................................. ......p 4

*Frizzell v. Southwest Motor Freight*
154 F.3d 641 (6th Cir. 1998)...................................................... .....pp 2, 3

*Roush v. KFC Nat'l Mgmt. Co.*
10 F.3d 392 (6th Cir. 1993) ........................................................... .....p 3

**FEDERAL**

29 USC 2601 et seq ..................................................................... p 1

29 USC 12101 et seq ........................................................................ p 2

29 USC 2617 (a)(1)(A)(i)(1) ..............................................................p 2

29 USC 2617 (a)(1)(B) ......................................................................p 2, 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NANCY CASE,**

        Plaintiff,

v

**GRADUATE MEDICAL EDUCATION, INC.**

        Defendant.
_____/

CASE NO.: 1:09-cv-897
HON.: Robert J. Jonker

GAFKAY & GARDNER, PLC
BY:   JULIE A. GAFKAY (P53680)
       KATHERINE S. GARDNER (P59050)
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240

FRASER TREBILCOCK DAVIS &DUNLAP, P.C.
BY:   MARK R. FOX (P39902)
       MICHAEL E. CAVANAUGH (P11744)
Attorneys for Defendant
124 West Allegan Street, Suite 1000
Lansing, Michigan 48933
(517) 482-5800
_____/

## PLAINTIFF'S BRIEF IN RESPONSE TO DFENDANT'S MOTION TO STRIKE JURY DEMAND AS TO ISSUE OF FRONT PAY IN BOTH THE FMLA AND ADA CLAIMS

### INTRODUCTION

      The Plaintiff, Nancy Case, has asserted claims of interference with her rights under the Family and Medical Leave Act ("FMLA"), 29 USC 2601 et seq; retaliation for

1

exercising her rights under the FMLA; and discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 USC 12101 et seq. against her former employer, Graduate Medical Education, Inc. Defendant's motion seeks to strike Plaintiff's jury demand regarding these claims. However, as even the Defendant acknowledges in its Brief in support of its motion, Defendant's arguments are inconsistent with binding case law in this Circuit. Accordingly, the Defendant's motion to strike Plaintiff's jury demand should be denied by this Court.

## LEGAL ANALYSIS

**1. The Defendant's request to strike Plaintiff's jury demand with regard to future wages under the FMLA is inconsistent with binding case precedent and should be summarily denied by this Court.**

Under the FMLA, a prevailing plaintiff is entitled to receive damages in the amount of lost wages, salary, benefits, or other lost or denied compensation incurred as a result of the adverse employment action. 29 USC 2617 (a)(1)(A)(i)(I) The FMLA also provides that the employer shall be liable for equitable relief as appropriate. 29 USC 2617 (a)(1)(B).

In *Frizzell v. Southwest Motor Freight*, 154 F.3d 641 (6th Cir. 1998), the Sixth Circuit concluded that "the structure of the FMLA's remedial provisions indicates that Congress intended to create a right to a jury." *Frizzell* at 643. Reviewing the language of the FMLA, the *Frizzell* court explained that "the distinction between 'damages' and 'equitable relief' reflects Congress's intent to make juries available to plaintiff's pursing remedies under section 2617(1)(A), while leaving it to the judge to determine whether

2

equitable relief is warranted under section 2617(1)(B) . . . . the FMLA's division between 'damages' and 'equitable relief' still indicates an intent to make juries available." *Frizzell* at 643.

In *Arban v. West Publishing*, 345 F.3d 390 (6th Cir. 2003), the Sixth Circuit built upon the *Frizzell* case and held that "in light of . . . the FMLA's provision for equitable remedies, we find that the FMLA provides for front pay." *Arban* at 406. The *Arban* court further concluded that "while the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban* at 406, citing *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392 (6th Cir. 1993). Thus, it is well settled that the question of the amount of front pay to be awarded to a plaintiff under the FMLA is to be submitted to a jury.

In *Bourdeau v. Saginaw Control & Engineering*, 477 F. Supp. 2d 797 (E.D. MI 2007), Judge Lawson rejected the same arguments advanced by the Defendant in the present case. The court held that the plaintiff in the *Bourdeau* case may have been eligible for equitable relief in the form of front pay, although he was not entitled to legal damages under the FMLA. As a result of the court's holding, the Defendant asserted that the Plaintiff was not entitled to a jury trial. *Bourdeau* at 798.

In evaluating the issue, Judge Lawson reviewed case law from a variety of circuits and concluded that "the cases across the country tend toward the consistent conclusion that when front pay is treated as an equitable remedy, it is for the judge, not the jury, to determine whether an award of front pay is appropriate . . . . However, the decisions from the circuits are not uniform on the question of who decides the *amount* of front pay once the judge determines that front pay may be awarded." *Bourdeau* at 798

(emphasis in original)(citations omitted).

After reviewing case law from a variety of circuits, Judge Lawson nonetheless concluded that "Sixth circuit precedent requires that the court submit the question of the amount of a front pay award to the jury, while reserving to itself the determination of whether front pay, or some other equitable remedy, ought to be awarded in the first place." *Bourdeau* at 801.  See also *Bell v. Prefix, Inc.*, 2009 US Dist Lexis 10189 (E.D. MI 2009)("it is within the district court's discretion to determine whether front pay is to be awarded in a given case, and, if so, it is the jury's duty to determine the amount"); *Figgins v. Advance America Cash Advance*, 482 F. Supp. 2d 861 (E.D. MI 2007)("the rule in this circuit is that the amount of back or front pay is to be determined by the jury.")

In Defendant's Motion to Strike Plaintiff's Jury Demand with regard to front pay, Defendant acknowledges that "this Court is also bound by the Sixth Circuit precedent requiring it to decide whether Plaintiff is entitled to front pay and, if so, requiring the jury to determine the amount of front pay."  Defendant's Brief at 5.  Thus, even the Defendant acknowledges that its request is not supported by, and is indeed contrary to, binding case precedent.  Accordingly, as there is no legitimate legal basis for granting Defendant's motion, Defendant's motion to strike Plaintiff's jury demand with regard to Plaintiff's front pay claims should be summarily denied by this Court.

**2. The Defendant's request to strike Plaintiff's jury demand with regard to future wages under the ADA is not supported by case law, nor does it represent a logical extension of existing case law; therefore, it should be summarily denied by this Court.**

Like the Defendant, Plaintiff has been unable to locate any cases which specifically

4

address the question of the availability of a jury to address future damages under the ADA.  However, the Sixth Circuit has held that in the context of a discrimination claim brought under the Age Discrimination in Employment Act, the district court must determine whether an award of front pay is appropriate, while a jury must determine the amount of a front pay award.  *Roush v. KFC Nat'l Mgmt.*, 10 F.3d 392 (6th Cir. 1993).

Given that the Sixth Circuit has already held that a jury must determine the amount of any front pay award in both FMLA and ADEA cases, it is logical to conclude that this same principle would apply to cases brought under the ADA.  Indeed, the Defendant itself agrees with this conclusion. See Defendant's Brief at 6-7.  Accordingly, as there is no legal basis for Defendant's Motion to Strike Plaintiff's Jury Demand, and it is contrary to binding case precedent, the motion should be denied by this Court.

## CONCLUSION

The Defendant's arguments in this Motion are contrary to binding case precedent.  Sixth Circuit case law clearly indicates that a jury is to decide the amount of any front pay awarded.  As the Defendant's motion lacks merit, it should be denied by this Court.

Respectfully submitted,

GAFKAY & GARDNER, PLC

Dated: 4-1-10

/s/Julie A. Gafkay
Julie A. Gafkay (P53680)
Katherine S. Gardner (P59050)
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, a copy of the foregoing, Plaintiff's Response To Defendant's Motion To Strike Jury Demand As To Issue Of Front Pay In Both The FMLA And ADA Claims was electronically filed with the Clerk of Court via CM/ECF, which will send notification of such filing to counsel of record that have appeared in this cause, and a copy was served via first-class mail to Defendant's counsel at the address listed in the complaint.

By:     /s/ Julie A. Gafkay
       Julie A. Gafkay (P-53680)
       Katherine S. Gardner (P-59050)
       Gafkay & Gardner, PLC
       175 S. Main Street
       Frankenmuth, MI 48734
       (989) 652-9240
       jgafkay@gafkaylaw.com