UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY CASE,

    Plaintiff,

v.

GRADUATE MEDICAL EDUCATION, INC.,

    Defendant.

_____/

CASE NO. 1:09-cv-897

HON. ROBERT J. JONKER

## **OPINION AND ORDER**

Before the Court is Defendant Graduate Medical Education, Inc's ("GME") Motion to Strike Plaintiff's Jury Demand (docket # 16). Plaintiff Nancy Case responded to GME's motion (docket # 21). For the reasons discussed in a non-document order dated April 23, 2010, the Court is disposing of this motion without oral argument. For the reasons discussed below, GME's motion is denied.

Ms. Case filed suit against her former employer, GME. In general, she alleges that GME terminated her in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the Americans with Disability Act, 42 U.S.C. § 12101 *et seq.* Her complaint includes a jury demand. She seeks both legal and equitable remedies, including compensatory damages, exemplary damages, monetary value of lost wages and benefits, back pay, and front pay[1]. GME concedes that Ms. Case

---

[1] Front pay is an equitable award of compensation the plaintiff lost during the period between judgment and reinstatement or in lieu of reinstatement.

is entitled to a jury determination of her claims and her right to legal relief, but it moved to strike her jury demand as it relates to her request for equitable relief, specifically front pay.

FMLA provides for front pay. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 406 (6th Cir. 2003). Some circuit courts have held that all front-pay issues, including the amount of any award, are equitable issues that must be determined by the court. *See, e.g.*, *Traxler v. Multnomah County*, 596 F.3d 1007, 1011 (9th Cir. 2010). As GME acknowledges, however, the Sixth Circuit has held that a court must bifurcate the front-pay determination: The court must determine whether front pay is an appropriate form of relief for the plaintiff, but the jury must determine the precise amount of any front-pay award. *Arban*, 345 F.3d at 406 (discussing front pay in the context of FMLA); *see also Bordeau v. Saginaw Control & Eng'g, Inc.*, 477 F. Supp. 2d 797, 801 (E.D. Mich. 2007) (concluding that Sixth Circuit precedent requires a court to bifurcate under FMLA the determination of front pay and other equitable remedies). Applicable Sixth Circuit precedent therefore requires the Court to deny GME's request to strike Plaintiff's jury demand as it relates to front pay under FMLA. *Arban*, 345 F.3d at 406.

The Court also must deny GME's request to strike Plaintiff's jury demand as it relates to front pay under the ADA. GME concedes that the same bifurcated analysis applies to the front-pay issue under both FMLA and the ADA. Moreover, as a practical matter, a jury must determine a significant portion of this case if the case should reach trial, including the precise amount of front pay under FMLA if the Court determines that front pay is an appropriate award. *See Arban*, 345 F.3d at 406. Even in resolving other equitable issues in the case, the Court would be bound by the jury's factual findings, including its findings regarding the amount of front pay. *See id.* at 408 ("When legal and equitable issues to be decided in the same case depend on common determinations

2

of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them." (alteration and quotation omitted)). The Court therefore will be bound by any factual determinations the jury makes regarding the amount of front pay. *See id.* at 406, 408.

Accordingly, GME's Motion to Strike Plaintiff's Jury Demand (docket # 16) is **DENIED**.


Dated:     April 28, 2010              /s/ Robert J. Jonker
                                                                        ROBERT J. JONKER
                                                                        UNITED STATES DISTRICT JUDGE